Filed 2/14/23  P. v. Pham CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H049126 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 196642) |
| v. | |
| DAT DINH PHAM, | |
| Defendant and Appellant. | |

## I.  INTRODUCTION

Upon a petition by defendant Dat Dinh Pham for resentencing under former Penal Code section 1170.95[1] (now section 1172.6), the trial court vacated defendant's 1998 murder conviction and resentenced him to a five-year term for robbery.  The court also imposed a two-year period of parole supervision, after rejecting defendant's contention that his excess custody credits must be applied to the parole supervision period.

On appeal, defendant contends that the trial court erred by failing to apply his excess custody credits to his two-year period of parole supervision upon his resentencing under former section 1170.95.

For reasons that we will explain, we will affirm the judgment.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

## II. BACKGROUND

### A. *Defendant's Initial Sentencing*

Defendant and several codefendants were charged with the murder of a jewelry salesman in the course of a robbery. Relevant here, in 1998, a jury found defendant guilty of first degree murder and second degree robbery. He was sentenced to 25 years to life for the murder and a five-year term for the robbery. The robbery term was stayed pursuant to section 654. This court affirmed the judgment on direct appeal. (*People v. Nguyen et al.* (Oct. 6, 2003, H019727) [nonpub. opn.].)

### B. *Former Section 1170.95 Petition for Resentencing*

In 2020, defendant filed a petition for resentencing in the trial court pursuant to former section 1170.95, contending that he "could not now be convicted of 1st . . . degree murder because of changes made to Penal Code § § 188 and 189, effective January 1, 2019." Defendant provided witness testimony from trial transcripts in support of his petition. The prosecutor filed a stipulation and waiver of a resentencing hearing. (See former § 1170.95, subd. (d)(2).) The trial court accepted the stipulation and waiver and determined that defendant was entitled to resentencing.

### C. *The Parties' Sentencing Briefs Regarding Parole Supervision*

Prior to the resentencing hearing, defendant filed a memorandum contending that his more than 20 years of excess custody credits offset the statutory parole supervision period. He argued that the excess credits must be applied to his parole supervision period based on, among other things, the language of former section 1170.95, subdivision (d)(1), which provided for resentencing "as if the petitioner had not . . . previously been sentenced" (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019).

The prosecutor filed a memorandum in opposition, contending that based on *People v. Wilson* (2020) 53 Cal.App.5th 42 (*Wilson*), and *People v. Lamoureux* (2020) 57 Cal.App.5th 136 (*Lamoureux*), the trial court had the discretion to impose the maximum period of parole supervision without the application of excess custody credits.

2

The prosecutor requested that the court impose the maximum parole supervision period based on defendant's prior criminal history, the current offense, his mental health issues, and public safety.

### D. *The Resentencing Hearing*

On May 17, 2021, the trial court vacated defendant's murder conviction and resentenced defendant to five years for the robbery. The court determined that defendant had received 939 days of custody credits at the time of his original sentencing and that he had accrued 8,095 actual days since the date of the original sentencing. The court stated that the "custodial portion" of defendant's sentence had been satisfied and that he was "entitled to a custodial release." The court ordered a three-year period of parole supervision after determining that it had the discretion to impose such a term pursuant to former section 1170.95, subdivision (g), and after rejecting defendant's contention that excess custody credits must be applied to the term.

### E. *Postsentencing Motion by Defendant*

After he was resentenced, defendant filed a motion to reduce his parole supervision period to two years. He argued that pursuant to section 3000.01 and *People v. Tan* (2021) 68 Cal.App.5th 1, the maximum period of parole supervision for a determinate sentence is two years. According to defendant, his three-year parole supervision period therefore constituted an unauthorized sentence that required correction. In a written response, the prosecutor expressed no opposition to the reduction of defendant's period of parole supervision. In September 2021, the trial court reduced defendant's period of parole supervision to two years.[2]

---

[2] We note that effective January 1, 2022, former section 1170.95, subdivision (h) was amended to provide for a two-year period of parole supervision. (Stats. 2021, ch. 551, § 2; see also § 1172.6, subd. (h), eff. June 30, 2022.)

## III. DISCUSSION

Defendant contends that the trial court erred by failing to apply his excess custody credits to his two-year period of parole supervision upon his resentencing under former section 1170.95 (now section 1172.6). The Attorney General contends that a trial court is not required to apply excess custody credits in this circumstance.

At the time of defendant's resentencing hearing, former section 1170.95 provided that "[a] person who is resentenced pursuant to this section shall be given credit for time served. The judge may order the petitioner to be subject to parole supervision for up to three years following the completion of the sentence." (Former § 1170.95, subd. (g), added by Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019; see § 1172.6, subd. (h).) Defendant acknowledges that *Wilson*, *supra*, 53 Cal.App.5th 42, and *Lamoureux*, *supra*, 57 Cal.App.5th 136, in interpreting this provision have rejected arguments that a defendant is entitled to have excess custody credits applied to the period of parole supervision upon resentencing. We agree with *Wilson* and *Lamoureux* on this point, and we are not persuaded by defendant's arguments that *Wilson* and *Lamoureux* were wrongly decided. We also recently expressed our agreement with *Wilson* and *Lamoureux* in *People v. Arellano* (2022) 86 Cal.App.5th 418, at pages 437 to 438 (*Arellano*), petition for review pending, petition filed January 24, 2023. Accordingly, we conclude that the trial court did not err by declining to apply defendant's excess custody credits to his two-year period of parole supervision. (*Arellano, supra*, at pp. 437-438; *Lamoureux*, *supra*, at pp. 141-150; *Wilson*, *supra*, at pp. 47-52; see former § 1170.95, subd. (g), added by Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019; § 1172.6, subd. (h).)

## IV. DISPOSITION

The judgment is affirmed.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
DANNER, J.

_____
WILSON, J.

*People v. Pham*
**H049126**